645 So.2d 205 (1994)
In the Matter of R.E.
Nos. 94-CK-2657, 94-CK-2596 and 94-CK-2663.
Supreme Court of Louisiana.
November 9, 1994.
*206 DENNIS, Justice.[*]
We are called upon to decide the proper allocation of the burden of proof when an alleged natural father opposes the surrender *207 of his child for adoption in accordance with Louisiana Children's Code Articles 1130 et seq. After R.E., an unwed mother, duly surrendered Q.P.E., her newborn child, for adoption, T.P.L., the alleged natural father, was notified and he timely filed his notice of opposition to the adoption. La.Ch.C.Arts. 1130, 1137.
After a hearing, the trial court found that T.P.L. had forfeited his parental rights and decreed that his rights are terminated. Id. Art. 1138. On appeal, the court of appeal reversed and remanded the case for a new hearing, holding that the trial court erred in failing to require that the parties supporting the surrender prove the natural father's unfitness by clear and convincing evidence. On remand, the trial court maintained T.P.L.'s opposition, declared that no adoption can take place without his consent, and granted him custody of the child, finding that the natural father's unfitness had been proved by clear and convincing evidence, but concluding that under the court of appeal's decision such a finding was insufficient to support a termination of parental rights.
Beacon House Adoption Services, Inc., the adoption agency, Linda C. Fowler, the attorney and curator ad hoc for Q.P.E., and the Louisiana Department of Social Services have intervened and applied to this court for supervisory writs.
We grant writs of supervisory control, reverse and remand the case to the trial court for a new determination consistent with law and this opinion.
Although an unwed father's biological link to his child does not, in and of itself, guarantee him a constitutional stake in his relationship with that child, such a link combined with a substantial parent-child relationship will do so. When an unwed father demonstrates a full commitment to the responsibilities of parenthood and an ability to participate beneficially in the rearing of his child, his interest in personal contact with his child acquires substantial protection under the state and federal due process clauses. In re Adoption of B.G.S., 556 So.2d 545 (La.1990), citing Lehr v. Robertson, 463 U.S. 248, 103 S.Ct. 2985, 77 L.Ed.2d 614 (1983); Caban v. Mohammed, 441 U.S. 380, 99 S.Ct. 1760, 60 L.Ed.2d 297 (1979); Quilloin v. Walcott, 434 U.S. 246, 98 S.Ct. 549, 54 L.Ed.2d 511 (1978); Stanley v. Illinois, 405 U.S. 645, 92 S.Ct. 1208, 31 L.Ed.2d 551 (1972); In re Application of S.R.S., 225 Neb. 759, 408 N.W.2d 272 (1987); In re Baby Eason, 257 Ga. 292, 358 S.E.2d 459 (1987); In re Adoption of Baby Boy D., 742 P.2d 1059 (Okla.1985).
Under the statutory scheme implementing these principles, the unwed father is afforded notice and a hearing at which he has an opportunity to demonstrate his biological link and substantial relationship with the child. Ch.C. Arts 1130-1143. In accordance with this court's decision in In re B.G.S., supra, the statutes contemplate that the unwed father's constitutionally protected interest in a parent-child relationship does not come into existence until the father demonstrates his fitness for parental responsibilities, commitment to those responsibilities, concrete actions taken to grasp his opportunity to be a father, and the potential for him to make a valuable contribution to the child's development. Ch.C. Arts. 1137-1138; In re B.G.S., supra. The burden of proof is upon the putative father to show the preservation of his opportunity to establish parental rights by proving these interrelated elements by a preponderance of the evidence. Id. If the father carries this burden, his parental rights become established, no adoption may be granted without his consent, and custody of the child will be granted to him. Id. Art. 1138. If the father fails to carry this burden, his parental rights are not brought into existence, and the court shall decree that the father's rights to oppose the adoption are terminated. Id.
In our opinion, this statutory framework affords the unwed father all of the process due him under the state and federal constitutions as explained by Lehr v. Robertson, supra; In re B.G.S., supra, and the other decisions discussed therein. It is true that, when fully established, the protected liberty interest of natural parents in their right to the care, custody, and management of their children cannot be terminated by the state unless it supports its allegations by at *208 least clear and convincing evidence, Santosky v. Kramer, 455 U.S. 745, 102 S.Ct. 1388, 71 L.Ed.2d 599 (1982); State in the Interest of A.C., 643 So.2d 743 (La.1994), and that due process may require that no person shall lose such a fully established right unless the state has borne the burden of producing the evidence and convincing the fact finder that the essential elements have been proved. Speiser v. Randall, 357 U.S. 513, 78 S.Ct. 1332, 2 L.Ed.2d 1460 (1958). But this is not a proceeding initiated or supported by the state to terminate a natural parent's established parental rights. This is an adoption case between private litigants, and under the circumstances herein the unwed father does not have a fully established protected right to a parental relationship with his child until he demonstrates his fitness and commitment according to the standards provided by law and our decisions. Due process guarantees him notice, hearing and an adequate opportunity to make such a showing; it does not require, however, that he be presumed fit and committed to parental responsibilities or that the burden of proving otherwise be allocated to the parties supporting the surrender and adoption of the child. See Lehr v. Robertson, 463 U.S. 248, 250, 261, 103 S.Ct. 2985, 2987, 2993, 77 L.Ed.2d 614 (1983) (distinguishing the "inchoate" or "potential" parent-child relationship involving an unwed father who has had no custody or contact from the "developed" relationship enjoyed by a natural parent who has demonstrated full commitment by assuming custody and care of his child). Indeed, under the Supreme Court's decision in Lehr v. Robertson, supra, and this court's decision in In re B.G.S., supra, the burden of proof is clearly allocated to the father to show that he has acquired an established parental right.
The court of appeal exceeded its authority in ordering that the child be placed temporarily in custody of the Louisiana Department of Social Services pending the determination of whether the natural father may successfully oppose the surrender and adoption. Beacon House is an "agency", viz., a private agency or institution licensed for the placement of children for adoption. La. Ch.C.Art. 1103. When the child's mother executed an authentic act of voluntary surrender of the child to Beacon House, that agency became the legal custodian of the child. Id. Arts. 1118, 1123. Beacon House continues to be the legal custodian pending either an adoption or a proper determination that the unwed father has established his parental rights and is entitled to legal custody. Id. Arts. 1137-1139.
The pleadings, trial court reasons for judgment, and the briefs of the parties indicate that proper application of the foregoing precepts to the evidence in this case may warrant a finding that the unwed father failed to carry his burden of proving his fitness for parental responsibilities, commitment to those responsibilities, and potential for making a valuable contribution to the child's development. In the interest of expediting this proceeding involving the custody and adoption of an infant however, we will not send for a full record or attempt to make a determination of the facts at this level. Instead, we vacate the judgments below and remand the case to the trial court for an expeditious hearing and decision consistent with law and this opinion after taking any additional evidence as the trial court deems advisable. Custody of the child is restored to the Beacon House pending the trial court's decision.
It is so ordered.
REVERSED AND REMANDED TO TRIAL COURT.
NOTES
[*] Williams, J. participating as Associate Justice Tempore, not on panel. Rule IV, Part 2, § 3.